UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL LEE (#459907)                                          CIVIL ACTION

VERSUS

JAMES WESLEY, ET AL.                                           NO. 14-0108-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL LEE (#459907)**                                    **CIVIL ACTION**

**VERSUS**

**JAMES WESLEY, ET AL.**                                        **NO. 14-0108-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Major James Ray Wesley, Captain Williams, Sgt. Glenn and Sgt. Babel, complaining that his constitutional rights were violated in connection with a prison disciplinary charge and a state criminal charge levied against him in July, 2013, with his placement in segregated confinement in connection therewith, and with the subsequent failure of prison officials to abide by the terms of a plea agreement he entered into in connection with the referenced disciplinary charge. He prays for compensatory damages as a result of the referenced segregated confinement, for a return of good time credits that he apparently lost as result of the disciplinary charge, for expungement of the charge from his prison record, and for a transfer to another institution as agreed in connection with the referenced plea.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or that is asserted against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action is properly dismissed under these statutes if the claims asserted in the

Complaint lack an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that on or about July 22, 2013, he was awakened by defendants Wesley and Williams, was subjected to a search of his property, and was thereafter escorted, in restraints, to the prison infirmary for a urine test, which test he asserts he passed. Notwithstanding, he complains that he was thereafter placed in segregated confinement and was charged with a disciplinary violation and also with a subsequent state criminal offense, accusing him of introducing contraband into a state penal institution. The plaintiff alleges that the state criminal charge against him was thereafter dismissed for lack of evidence. Notwithstanding, he complains that he was subsequently brought before a disciplinary board in connection with the prison disciplinary charge and was "forced" to plead guilty thereto, upon threat of losing visitation privileges. He further asserts that prison officials promised, as part of a plea agreement in connection with that charge, that upon his release from confinement in the cell blocks, he would be transferred to another institution. According to the plaintiff, however, this

aspect of the plea agreement has not been honored.

The plaintiff's allegations fail to state a claim cognizable in this Court. Addressing first the plaintiff's claim for monetary damages associated with the alleged search of July 22, 2013, and with his placement in segregated confinement after being charged with a disciplinary violation on that date, this claim is clearly without merit. In the first place, the plaintiff is not entitled to recover compensatory damages for mental or emotional injury in the absence of an associated physical injury, and the plaintiff has not alleged that he has suffered any physical injury in this case. *See* 42 U.S.C. § 1997e(e). Further, the law is clear in any event that prison officials may, without associated due process protections, subject an inmate to routine searches of his person or property while confined. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (finding that "prisoners have no legitimate expectation of privacy" and that "the Fourth Amendment's prohibition on unreasonable searches does not apply" in the prison context). Finally, prison officials are generally authorized to place an inmate in administrative segregation pending an investigation into charges of misconduct levied against him. *See Hernandez v. Velasquez,* 522 F.3d 556, 562 (5th Cir. 2008) (reiterating that "absent extraordinary circumstances, administrative segregation as such ... will never be a ground for a constitutional violation"); *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 612 (5th Cir. 1996) (same). *See also Allums v. Phillips,* 444 Fed. Appx. 840, 841 (5th Cir. 2011), *cert. denied,* __ U.S. __, 133 S.Ct. 115 (2012) ("Placement in administrative segregation ... as a result of a disciplinary infraction, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest, and, therefore, there is no right to due process"). According to the plaintiff's assertions in this case, he was ultimately brought before a disciplinary board for a hearing, and he admittedly pleaded guilty to the referenced disciplinary charge. The Court is therefore unable to ascertain any basis for a finding that his

constitutional rights were violated in connection with his administrative confinement prior thereto.

Turning to a consideration of the plaintiff's assertion that the disciplinary charge itself was wrongful, that the finding of guilt was not supported by sufficient evidence, that his plea was involuntary because he was "forced" to plead guilty thereto, and that prison administrators have failed to honor the purported plea agreement, these claims are subject to dismissal as not properly before the Court.  Specifically, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must first be pursued in a federal habeas corpus proceeding, after the exhaustion of state court post-conviction remedies, instead of in a federal civil rights proceeding brought pursuant to 42 U.S.C. § 1983.  *See Hill v. Thaler,* 2012 WL 1155729, \*2 (S.D. Tex. April 5, 2012).  As stated in *Hill,* "[a]n application for writ of habeas corpus is ... the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good-time credits, which could conceivably lengthen an inmate's duration of confinement."  *See also Serio v. Members of the Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1118 (5th Cir. 1987) ("If a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies").  Inasmuch as the plaintiff in this case complains of a disciplinary charge and hearing which resulted, *inter alia*, in the loss of good time credits that he had earned toward earlier release, and inasmuch as he prays that his good time credits be restored, this claim necessarily calls into question the length of his confinement because a successful resolution thereof, *i.e.*, a restoration of his good time credits, would result in his earlier release.  Accordingly, this claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a prisoner's claim seeking the restoration of good-time credits may only be pursued

in a federal habeas corpus proceeding, after the exhaustion of state court remedies).[1]

Finally, to the extent that the plaintiff's allegations may be interpreted as asserting a claim for monetary damages associated with the alleged wrongful disciplinary conviction, this claim is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Inasmuch as the taking of an inmate's accrued good time has an impact upon the inmate's period of confinement, were this Court to determine that the plaintiff is entitled to monetary damages as a result of the disciplinary sentence in this case, this would necessarily imply that the disciplinary sentence was wrongful and should be overturned, resulting in a return of the good time credits. Since the plaintiff has failed to allege or show that the offending disciplinary sentence has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* rule in the context of a prisoner's claim

---

1. The Court declines to consider the plaintiff's Complaint to be an application for federal habeas corpus relief because it appears that the plaintiff has not exhausted state court remedies relative to his claims as mandated by 28 U.S.C. § 2254(b)(1). The plaintiff does not allege that he has challenged his disciplinary conviction or sentence in the state courts, and this Court's research demonstrates no apparent decision by the Louisiana Supreme Court with respect to the plaintiff's conviction and sentence. *See, e.g., Grant v. Harson*, 2012 WL 1190257, *6 (W.D. La. Feb. 9, 2012) (declining to construe a § 1983 Complaint as a habeas application where the petitioner had not exhausted state court remedies).

regarding the deprivation of good time credits). Accordingly, the plaintiff's claim for monetary damages arising out of the alleged unconstitutional disciplinary charge and sentence has not yet accrued and must be dismissed. *See Montoya v. Jones*, 118 Fed. Appx. 797, 798 (5th Cir. 2004) (upholding a dismissal, as frivolous, of a plaintiff's claim because he "cannot attack his disciplinary proceedings resulting in the loss of good time credits in a § 1983 action until his 'convictions' in those proceedings have been expunged, reversed or otherwise set aside"). This claim as well, therefore, must be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, at least until the conditions set forth in *Heck v. Humphrey, supra*, are met.[2]

Signed in Baton Rouge, Louisiana, on October 23, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."